EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X

SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY and HANJO CONTRACTORS, INC.,

Index No.:

Plaintiffs,

**SUMMONS**

-against-

UNITED SPECIALTY INSURANCE COMPANY
(arising out of an underlying action entitled *Oscar Perez, et ux. v. Broadway 98 Condominium, et al.*),

The Summons and Complaint was filed with the court on:

Defendant.
-------------------------------------------------------------------------X

**TO THE ABOVE-NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the complaint of the Plaintiffs, a copy of which is herewith served upon you and to serve copies of your answer upon the undersigned as attorneys for the plaintiffs, Newman Myers Kreines Gross Harris, P.C., whose address is 40 Wall Street, 26th Floor, New York, New York 10005, within twenty (20) days after service of the complaint, exclusive of the day of service, or within thirty (30) days if the completion of service is made in any other manner than by personal delivery within the state.

In case of your failure to answer the complaint, judgment will be taken against you by default for the relief demanded therein.

Dated: New York, New York
      August 23, 2019

                         Yours, etc.,
                         NEWMAN MYERS KREINES GROSS HARRIS, P.C.
                         Attorneys for Plaintiffs

      By: _____
                         LUIS G. SABILLON
                         40 Wall Street – 26th Floor
                         New York, New York 10005
                         (212) 619-4350
                         Our Ref No.: NPSDJ 22773

To:   United Specialty Insurance Company
      1900 L Don Dodson Drive
      Bedford, Texas 76021
      *(via New York State Insurance Department)*

FILED: NEW YORK COUNTY CLERK 08/23/2019 11:48 AM  INDEX NO. 158256/2019
NYSCEF DOC. NO. 1                                 RECEIVED NYSCEF: 08/23/2019

Case 1:19-cv-08857-ER   Document 1-2   Filed 09/24/19   Page 4 of 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
SOUTHWEST MARINE AND GENERAL INSURANCE          Index No.:
COMPANY and HANJO CONTRACTORS, INC.,

                Plaintiffs,

                                                              **COMPLAINT**

    -against-

UNITED SPECIALTY INSURANCE COMPANY
(arising out of an underlying action entitled *Oscar Perez, et ux. v. Broadway 98 Condominium, et al.*),

                Defendant.
-------------------------------------------------------------------------X

      Plaintiffs, Southwest Marine and General Insurance Company ("Southwest") and Hanjo Contractors, Inc. ("Hanjo"), by their attorneys, Newman Myers Kreines Gross Harris, P.C., as and for their declaratory judgment complaint, respectfully allege the following, upon information and belief:

## THE PARTIES

      1.    At all times hereinafter mentioned, Southwest was and remains a foreign corporation authorized to do an insurance business within the State of New York.

      2.    At all times hereinafter mentioned, Hanjo was and remains a domestic corporation authorized to do business within the State of New York.

      3.    At all times hereinafter mentioned, Defendant, United Specialty Insurance Company ("United"), was and remains a foreign company authorized to do an insurance business in the State of New York.

## THE UNDERLYING FACTS AND ACTION

      4.    On or about August 16, 2016, Oscar Perez filed a complaint against, among others, Hanjo in the Supreme Court of the State of New York, New York County, Index No. 156859/16, to recover for personal injuries sustained by Mr. Perez on or about February 19, 2016

at the premises located at 241 West 97th Street, New York, New York (hereinafter the "premises"). A true and correct copy of that Summons and Verified Complaint is annexed hereto as **Exhibit A.**

5. Specifically, Mr. Perez alleges, that he was caused to sustain serious injuries when he was caused to be injured when he was struck by a falling object while performing work at the subject premises. Mr. Perez alleges that his injuries resulted because of the defendants' negligence in allowing a dangerous, hazardous and defective condition to exist where Mr. Perez was working and failing to provide Mr. Perez with a safe place to work at the subject premises. See **Exhibit A.**

6. Mr. Perez alleges that he was employed by and was injured during the course and scope of his employment with Manhattan Steel Design ("Manhattan"), a direct subcontractor of Hanjo. As Mr. Perez was injured during the course and scope of his employment with Manhattan and in furtherance of work subcontracted to Manhattan, his injuries are deemed to have arisen out of Mahattan's work and/or operations. See **Exhibit A**.

7. Prior to February 19, 2016, Southwest, at the request of Hanjo, issued and delivered to Hanjo a commercial general liability insurance policy pursuant to which Hanjo, as a named insured, is currently being defended in the underlying *Perez* action.

8. Southwest has incurred and continues to incur defense fees and other costs on behalf of Hanjo.

9. Southwest is subrogated to the rights of Hanjo.

## THE RELEVANT CONTRACT

10. Pursuant to a written contract, the full terms and conditions of which plaintiffs beg leave to refer to at the time of trial, Hanjo engaged Manhattan to perform a portion of the work at the premises.

11. Among other requirements, the contract required Manhattan to purchase and maintain commercial general liability insurance for the benefit of Hanjo. Manhattan was also required to name Hanjo as an additional insured on Manhattan's commercial general liability insurance policy.

12. The contract also required Manhattan to indemnify and hold harmless Hanjo from and against all claims, losses, costs, damages or expenses caused by, arising from or in any way incidental to, the performance of Manhattan's work.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST
### UNITED SPECIALTY INSURANCE COMPANY

13. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "12" as though more fully set forth herein.

14. Prior to February 19, 2016, United issued a primary commercial general liability insurance policy ("United policy") to Manhattan.

15. Upon information and belief, the United policy issued to Manhattan in effect on February 19, 2016, covered Hanjo as an additional insured pursuant to an additional insured endorsement.

16. Pursuant to United's endorsement, Hanjo was added to the United policy as an additional insured.

17. Hanjo is otherwise entitled to coverage under the United policy.

18. The liability insurance coverage provided by the United policy was in full force and effect for the benefit of Hanjo on February 19, 2016, the date that Oscar Perez allegedly sustained personal injuries.

19. The liability insurance coverage of the United policy, which United was obligated to provide for the benefit of Hanjo, is applicable to each and every aspect of the claims made by Mr. Perez.

20. Plaintiffs timely demanded that United assume its responsibilities and obligations to its insureds Hanjo under the United policy.

21. United has thus far failed to comply with its obligation to provide for the defense of Hanjo or otherwise has failed to perform or acknowledge its obligations as an insurer of Hanjo to the extent of the coverage United underwrote.

22. Plaintiffs have suffered and will continue to suffer damages, harm and prejudice by virtue of United's failure to fulfill its obligations to provide insurance coverage pursuant to the Manhattan contract and United's policy. These obligations include, but are not limited to, the costs of defending the underlying action and incurring further expense in settling that action or satisfying a judgment as may be obtained against Hanjo.

23. United is liable to Hanjo for any and all damages incurred by virtue of breach of the contract in that it has failed to abide by its obligations under United's policy.

24. Plaintiffs are entitled to a declaration that United is required to afford primary coverage for Hanjo for defense and indemnity under the United policy pertaining to the underlying claims and lawsuit in all their aspects, and to reimburse plaintiffs for all prior expenditures in defense of Hanjo from the outset of the underlying action, plus interest.

25. Plaintiffs have no adequate remedy at law.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST UNITED SPECIALTY INSURANCE COMPANY

26. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "25" as though more fully set forth herein.

27. Southwest to date has paid all attorneys' fees, costs, disbursements and other expenses incurred in the defense of Hanjo in the underlying action.

28. All expenses paid by Southwest for the defense of Hanjo have been necessarily expended in good faith, in the absence of United's compliance with its obligation under United's policy to defend Hanjo in the underlying action.

29. Payment of these expenses by Southwest, for the defense of Hanjo has directly benefited United and United has wrongfully failed and refused to provide a defense to Hanjo in the underlying action.

30. United has been unjustly enriched by knowingly permitting Southwest to defend Hanjo when United was contractually obligated to provide such defense without contribution from Hanjo or Southwest.

31. Southwest's policy is excess by its terms over any other insurance, such as that provided by United, and plaintiffs are entitled to their reasonable and legitimate expectation that United reimburse it for all attorneys' fees, costs, disbursements and other expenses incurred in the defense of Hanjo.

32. Southwest has duly demanded that United assume Hanjo's defense, and reimburse Southwest for all attorneys' fees, costs, disbursements and other expenses, and United has thus far failed and refused, in violation of the principles of insurance law, restitution, and unjust enrichment, to assume said defense and reimburse Southwest.

33. Plaintiffs have suffered and will continue to suffer damages, harm, and prejudice by virtue of United's refusal to reimburse it for all attorneys' fees, costs, disbursements and other expenses incurred by Southwest in the underlying action.

34. United is liable to reimburse Southwest for all attorneys' fees, costs, disbursements and other expenses, plus interest, incurred in the defense of Hanjo in the underlying action.

**WHEREFORE,** Plaintiffs, Southwest Marine and General Insurance Company and Hanjo Contractors, Inc., demand that they have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto in respect to the matters set forth in the Complaint and that the declaratory judgment shall specify the following:

    a. That the underlying action brought by Oscar Perez described in this Complaint is covered by the terms of the policy issued by Defendant, United, to Manhattan;

b. That the policy issued by Defendant, United, to Manhattan affords primary coverage for Hanjo as to the claims of personal injury and other claims arising therefrom of Oscar Perez's alleged injuries on February 19, 2016;

c. That Defendant, United, is obligated to defend and indemnify Hanjo in the underlying personal injury action;

d. That Defendant, United, be obligated to pay any damages that may be awarded to Hanjo in the underlying personal injury action;

e. That Defendant, United, be obligated to reimburse Plaintiff, Southwest Marine, for all attorneys' fees, costs, disbursements, and other expenses, plus interest, in the defense of Hanjo in the underlying personal injury action;

f. That the plaintiffs be awarded the costs and disbursements of this action.

g. That the plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 23, 2019

Yours, etc.,

NEWMAN MYERS KREINES GROSS HARRIS, P.C.
Attorneys for Plaintiffs

By: _____
LUIS G. SABILLON
40 Wall Street – 26th Floor
New York, New York 10005
(212) 619-4350
Our Ref No.: NPSDJ 22773

To:   United Specialty Insurance Company
      1900 L Don Dodson Drive
      Bedford, Texas 76021
      *(via New York State Insurance Department)*