UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOUTHWEST MARINE AND
GENERAL INSURANCE COMPANY,
*and* HANJO CONTRACTORS, INC.,

                              Plaintiffs,

            – against –

UNITED SPECIALTY INSURANCE
COMPANY,

                              Defendant.

**OPINION & ORDER**

19 Civ. 8857 (ER)

RAMOS, D.J.:

        Plaintiffs initiated this action against United Specialty Insurance Company in New York

County Supreme Court on August 23, 2019.  Doc. 1.  The case was removed to this Court on

September 24, 2019.  *Id.*  Plaintiffs allege breach of contract and unjust enrichment regarding a

United Specialty liability insurance policy and seek a declaration that the expenses incurred

defending an underlying personal injury action are covered by the policy.  The parties have

submitted cross-motions for summary judgment.  Docs. 24, 30.  For the reasons set forth below,

the plaintiffs' motion for summary judgment is DENIED, United Specialty's motion for

summary judgment is DENIED, and the Court enters summary judgment in favor of United

Specialty.

## I.      BACKGROUND

        Southwest Marine is an insurance company authorized to do business in New York.  Doc.

1-2 ¶ 1.  Hanjo is a New York contracting company.  Doc. 1 ¶ 8; Doc. 1-2 ¶ 2.  Southwest

Marine issued a commercial general liability insurance policy to Hanjo that was in effect on the

day of the alleged accident.  Doc. 1-2 ¶ 7.  Hanjo subcontracted with non-party Manhattan Steel Design for work at 241 West 97th Street, New York, New York.  *Id.* ¶¶ 4, 6.

The contract between Hanjo and Manhattan Steel required Manhattan Steel to purchase and maintain commercial general liability insurance for Hanjo's benefit and to name Hanjo as an additional insured.  *Id.* ¶ 11.  It also required Manhattan Steel to indemnify and hold harmless Hanjo from "all claims, losses, costs, damages or expenses caused by, arising from or in any way incidental to, the performance of [Manhattan Steel's] work."  *Id.* ¶ 12.

United Specialty is an insurance company authorized to do business in New York.  *Id.* ¶ 3.  United Specialty issued a primary commercial general liability policy to Manhattan Steel, a subcontractor to Hanjo, that was in effect from December 3, 2015 to December 3, 2016.  *Id.* ¶ 14; Doc. 26 ¶ 5; Doc. 26-1; Doc. 26-2; Doc. 26-3; Doc. 26-4.  The United Specialty policy listed Hanjo as an additional insured.  Doc. 1-2 ¶ 15.  However, the policy specified that Hanjo, as an additional insured, is only covered "with respect to liability for []bodily injury . . . caused, in whole or in part, by" Manhattan Steel's "acts or omissions; or [t]he acts or omissions of those acting on [Manhattan Steel's] behalf[] in the performance of . . . ongoing operations for the additional insured(s)."  Doc. 31-8 at 65.  The policy also contains an "Action Over Exclusion" endorsement which excludes from coverage any "bodily injury" to an employee of Manhattan Steel "arising out of and in the course of [e]mployment by the named insured," whether or not Manhattan Steel is "liable as an employer or in any other capacity."  Doc. 26-4 at 8.  The exclusion also applies "[t]o any obligation to share damages with or repay someone else who must pay damages because of the injury."  *Id.*  Further, the policy contains an "Independent Contractors Exclusion," that excludes from coverage bodily injury to independent contractors. *Id.* at 9.

On February 19, 2016, Oscar Perez was working for Manhattan Steel at 241 West 97th Street, New York, New York when he was struck by a falling object and seriously injured.  Doc. 1-2 ¶¶ 4–6.

Perez filed a complaint against Hanjo, among others, in the Supreme Court of the State of New York, New York County, to recover for these injuries.  *Id.* ¶ 4.  The *Perez* complaint alleges that, while employed by Manhattan Steel and working on a construction project on February 19, 2016, Perez was injured when he was struck by a falling object that fell from an elevated work site.  Doc. 31-1 ¶¶ 6–9.  Perez alleges that the accident was "caused by the negligence, carelessness and violations of the Labor Laws of New York" of the defendants in that action, including Hanjo.  *Id.* ¶ 10.  The complaint does not name Manhattan Steel as a defendant, nor does it allege any negligence on the part of Manhattan Steel.

Hanjo sought additional insured coverage from United Specialty relating to the *Perez* claims via two letters dated October 4, 2016 and October 20, 2016.  Doc. 26-5; Doc. 26-6.  United Specialty alleges it was first notified of these claims when it received the first letter on October 13, 2016.  Doc. 28 ¶ 30.  However, plaintiffs dispute the date of notice and provide evidence that United Specialty actually received the notice two days earlier, on October 11, 2016.  Doc. 34 ¶ 26; Doc. 31-9 at 17.  United Specialty investigated potential coverage and called Manhattan Steel on October 26, 2016 to confirm Perez's employment status.  Doc. 34 ¶ 37; Doc. 31-12 at 2.  United Specialty concluded that coverage was precluded for three reasons: (1) "Hanjo is entitled to additional insured status only to the extent that the claimed injury is due to Manhattan [Steel]'s acts or omissions or the acts or omissions of those acting on Manhattan [Steel]'s behalf," and no such allegation is made in the *Perez* complaint; (2) the Action Over Exclusion bars coverage to Perez as an employee of Manhattan Steel; or, alternatively, (3) the

Independent Contractors Exclusion bars coverage to Perez as an independent contractor of Manhattan Steel.  Doc. 26-7; Doc. 31-10; Doc. 31-11.  United Specialty informed Hanjo of the denial of coverage via letter dated November 10, 2016, either 28 days or 30 days after it was notified of the claim (depending on when United Specialty actually received notice).  *Id.*  United Specialty similarly denied coverage to Manhattan Steel via letter on November 10, 2016, but only on the basis that the Action Over Exclusion and Independent Contractors Exclusion bar coverage.  Doc. 31-10.  Hanjo is currently being defended by Southwest Marine in the underlying *Perez* action.  Doc. 1-2 ¶ 7.

Plaintiffs then brought this action for declaratory judgment seeking, among other declarations, the following:

> (1) that the underlying action brought by Perez is covered by the terms of the policy issued by United Specialty to Manhattan Steel;
>
> (2) that the United Specialty policy affords primary coverage for Hanjo as to the claims of personal injury and other claims arising from Perez's alleged injuries on February 19, 2016;
>
> (3) that United Specialty is obligated to defend and indemnify Hanjo in the underlying personal injury action;
>
> (4) that United Specialty is obligated to pay any damages that may be awarded to Hanjo in the underlying personal injury action; and
>
> (5) that United Specialty is obligated to reimburse Southwest Marine for all attorneys' fees, costs, disbursements, and other expenses, plus interest, in the defense of Hanjo in the underlying personal injury action.

*Id.* at 8–9.

United Specialty moved for summary judgment on October 8, 2021.  Doc. 24.  It argues that it is entitled to summary judgment because either the Action Over Exclusion or the Independent Contractors Exclusion precludes coverage.  Plaintiffs cross-moved for summary judgment against United Specialty on November 23, 2021.  Doc. 30.  They argue that Hanjo is

entitled to additional insured coverage, and that United Specialty's disclaimer of coverage was untimely, thus waiving their right to rely on the applicable policy exclusions.

## II.    LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)).  A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*  The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment."  *Saenger v. Montefiore Med. Ctr.*, 706 F. Supp. 2d 494, 504 (S.D.N.Y. 2010) (quoting *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)).

In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).  However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture or surmise.  *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).  To defeat a motion for summary judgment, "the non-moving party must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor."

*Senno*, 812 F. Supp. 2d at 467–68 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986)).

"When confronted with cross-motions for summary judgment, the Court analyzes each motion separately, 'in each case construing the evidence in the light most favorable to the non-moving party.'" *Peterson v. Kolodin*, No. 13 Civ. 793 (JSR), 2013 WL 5226114, at *1 (S.D.N.Y. Sept. 10, 2013) (quoting *Novella v. Westchester Cnty.*, 661 F.3d 128, 139 (2d Cir. 2011)); *see also Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001) ("[E]ach party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration.") (citation omitted).  The Court is not required to resolve the case on summary judgment merely because all parties move for summary judgment.  *Morales*, 249 F.3d at 121.

For claims under New York law, the Court should determine how the New York Court of Appeals would decide them.  *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 133 (2d Cir. 2007) (citation omitted).  Decisions from New York's intermediate appellate courts are helpful indicators, but this Court is not bound by those decisions.  *Id.*

## III.   DISCUSSION

### A.  Plaintiffs' Motion for Summary Judgment

Plaintiffs' cross-motion for summary judgment argues that (1) Hanjo is entitled to additional insured coverage; and (2) United Specialty waited too long to disclaim coverage, thereby waiving their right to rely on policy exclusions.  The Court will address each issue in turn.

#### i.  Additional Insured

Whether Hanjo is entitled to additional insured coverage under the policy United Specialty issued to Manhattan Steel (the named insured) turns as an initial matter on whether the injuries suffered by Perez were "caused, in whole or in part" by Manhattan Steel's acts or omissions, since the United Specialty policy only covers Hanjo as an additional insured in such circumstances.  Doc. 31-8 at 65.  The Court of Appeals of New York has interpreted identical coverage provisions to require coverage only in "situations where the [named] insured is the proximate cause of the injury."  *Burlington Ins. Co. v. NYC Transit Auth.*, 79 N.E.3d 477, 482 (N.Y. 2017).

Further, the duty to defend a party claiming insurance coverage is triggered under New York law "whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy."  *Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 779 N.E.2d 167, 170 (N.Y. 2002) (citation omitted); *see also Fitzpatrick v. Am. Honda Motor Co.*, 575 N.E.2d 90 (N.Y. 1991) (requiring coverage where the pleadings in a pending lawsuit "allege a covered occurrence, even though facts outside . . . indicate that the claim may be meritless or not covered").  Accordingly, the duty to defend is broader that the duty to indemnify.  *See Stein v. N. Assur. Co. of Am.*, 617 F. App'x 28, 30 (2d Cir. 2015) (citation omitted).  "[A]n insurer may only disclaim its duty to defend if it has demonstrated, as a matter of law, that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision."  *Id.* (internal quotation marks and citations omitted).

Plaintiffs argue that, since the complaint and Bill of Particulars in the underlying *Perez* action specify that Perez was injured "while performing his job duties" for Manhattan Steel, Doc. 31-1 ¶¶ 8–9, the complaint creates a reasonable possibility that the accident was proximately

7

caused by Manhattan Steel's acts or omissions, triggering United Specialty's obligation to defend Hanjo.  In support, they cite *All State Interior Demolition Inc. v. Scottsdale Ins. Co.*, 92 N.Y.S.3d 256 (N.Y. App. Div. 2019), which they argue stands for the proposition that the additional insured endorsement is triggered even when the underlying complaint does not contain claims of negligence against the named insured.  In *All State*, the court found that additional insured obligations were triggered even where there were no allegations of negligence against the named insured because (1) the pleadings "implicate [the named insured's] actions" through allegations in the complaint that the named insured's construction debris caused the accident and (2) a third-party complaint alleged the named insured's negligence.  *Id.*

United Specialty argues in response that the fact of employing Perez is not sufficient to establish proximate cause for the injury.  In support, they cite *Pioneer Cent. Sch. Dist. v. Preferred Mut. Ins. Co.*, 86 N.Y.S.3d 364 (N.Y. App. Div. 2018), in which the court held that an employer did not proximately cause an employee's injury by instructing the employee to exit a door near the area where the employee subsequently slipped, as the employer had "merely furnished the occasion for the injury."  In *Ohio Sec. Ins. Co. v. Travelers Indem. Co. of Connecticut*, No. 19 Civ. 1355 (AJN), 2021 WL 797670, at \*6 (S.D.N.Y. Mar. 1, 2021), another court in this district reached the same conclusion:  a complaint that does not allege acts or omissions by the employer "falls well short of what is needed to raise a reasonable possibility that [the employer] proximately caused" the injury, even where an injury occurred on the job.

Unlike in *All State*, 92 N.Y.S.3d 256, here, there is no allegation that the named insured, Manhattan Steel, created the conditions that led to the injury—instead, the conditions that purportedly caused the injury are only alleged in the *Perez* complaint to have been within the control of Hanjo, the additional insured, and the other named defendants.  The complaint

contains no allegations that Manhattan Steel was negligent or otherwise responsible for the injury. *See generally* Doc. 31-1. Indeed, the only mention of Manhattan Steel in the complaint is to state that Perez was employed by Manhattan Steel.[1] *Id.* Therefore, there can be no genuine dispute that the *Perez* complaint does not allege acts or omissions by Manhattan Steel that could have proximately caused the injury, and the additional insured provision is not triggered. *See Ohio Sec. Ins.*, 2021 WL 797670, at *6. Accordingly, Hanjo's motion for summary judgment is denied.

This conclusion precludes insurance coverage for Hanjo as related to the *Perez* action in the first instance. The Court therefore enters judgment in favor of United Specialty. *See Bridgeway Corp. v. Citibank*, 201 F.3d 134, 139 (2d Cir. 2000) (finding that district courts are permitted to enter summary judgment against the moving party where "the facts before the district court were fully developed so that the moving party suffered no procedural prejudice") (quoting *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991)). This conclusion also obviates the need to resolve the parties' dispute as to the timeliness of disclaimer as to the Action Over and Independent Contractor exclusions,[2] as coverage is precluded even if disclaimer was untimely.[3]

---

[1] Hanjo represents that Perez did not bring claims against Manhattan Steel as those claims would be precluded by worker's compensation law. Doc. 32 at 16. However, this does not alter the Court's analysis.

[2] Section 3420(d) "[does] not require timely disclaimer of coverage where the liability" was not incurred by an insured, since coverage "was never contemplated by the parties." *Golden Ins. Co. v. Ingrid House LLC*, No. 21-1337, 2022 WL 2165252, at *4 (2d Cir. June 14, 2022) (quoting *Zappone v. Home Ins. Co.*, 432 N.E.2d 783, 787 (N.Y. 1982)).

[3] In their cross-motions for summary judgment, the parties dispute whether United Specialty's disclaimer of coverage was untimely under New York Insurance Law § 3420.

Section 3420(d) applies to "cases involving death and bodily injury claims arising out of a New York accident and brought under a New York liability policy." *KeySpan Gas E. Corp. v. Munich Reinsurance Am., Inc.*, 15 N.E.3d 1194, 1198 (N.Y. 2014). This section requires an insurer to "give written notice as soon as is reasonably possible of . . . disclaimer of liability or denial of coverage[.]" N.Y. Ins. Law § 3420(d)(2). The timeliness of disclaimer is

## IV.    CONCLUSION

For all these reasons, the plaintiffs' motion for summary judgment is DENIED and

judgment is entered in favor of United Specialty.  United Specialty's motion for summary

judgment is DENIED.  The Clerk of Court is respectfully directed to terminate the motions,

Docs. 24 and 30.

SO ORDERED.

Dated:    June 22, 2022
          New York, New York

_____
Edgardo Ramos, U.S.D.J.

---

measured "from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage." *First Fin. Ins. Co. v. Jetco Contracting Corp.*, 801 N.E.2d 835, 838–39 (N.Y. 2003) (citation omitted).

When the basis for disclaimer is not readily apparent, insurers are allowed "reasonable time to adequately investigate a claim" to determine whether disclaimer is appropriate.  *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 369 F.3d 102, 107 (2d Cir. 2004) (citation omitted).  "[C]ourts have adopted a rule of thumb that disclaimers made within 30 days of notice are generally treated as timely, whereas disclaimers beyond the 30-day point are generally treated as untimely unless the insurer establishes a suitable justification." *United Specialty Ins. Co. v. Premier Contracting of New York, Inc.*, 375 F. Supp. 3d 389, 398 (S.D.N.Y. 2019) (internal quotation marks and citations omitted) (collecting cases).

However, when no investigation is necessary because it is clear that the insurer will deny coverage based on the notice of claim, the 30-day presumption does not apply.  *See generally First Fin.*, 801 N.E.2d 835.  Unexplained or unexcused delays of as short as 30 days have been held to be unreasonable.  *See W. 16th St. Tenants Corp. v. Pub. Serv. Mut. Ins. Co.*, 736 N.Y.S.2d 34 (N.Y. App. Div. 2002).

Here, as plaintiffs argue, it was clear based on the notice of claim that either the Action Over or Independent Contractor exclusions applied to bar coverage, and that United Specialty therefore waived its ability to rely on these exclusions through untimely disclaimer.  While defendants argue that they nonetheless investigated "to determine whether additional facts may trigger coverage," Doc. 35 at 17, the New York Court of Appeals has held that delays for this reason are not excusable in *First Fin.*, 801 N.E.2d 835.

As United Specialty has provided no explanation for delay other than to verify Perez's employment status, which on the facts of this case is not a valid excuse, a delay of 30 days is presumptively unreasonable.