UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOUTHWEST MARINE AND
GENERAL INSURANCE COMPANY,
*and* HANJO CONTRACTORS, INC.,

                              Plaintiffs,

        – against –

UNITED SPECIALTY INSURANCE
COMPANY,

                              Defendant.

**OPINION & ORDER**

19 Civ. 8857 (ER)

RAMOS, D.J.:

        Plaintiffs initiated this action against United Specialty Insurance Company in New York

County Supreme Court on August 23, 2019.  Doc. 1.  The case was removed to this Court on

September 24, 2019.  *Id*.  Plaintiffs alleged breach of contract and unjust enrichment regarding a

United Specialty liability insurance policy and sought a declaration that the expenses incurred

defending an underlying personal injury action are covered by the policy.  The Court issued an

opinion on June 22, 2022 denying Plaintiffs' motion for summary judgment and entering

judgment in favor of United Specialty.  Doc. 38; *Sw. Marine & Gen. Ins. Co. v. United Specialty

Ins. Co.*, No. 19 Civ. 8857 (ER), 2022 WL 2237491 (S.D.N.Y. June 22, 2022).  Plaintiffs now

moves for reconsideration of that motion.  Doc. 40.  For the reasons set forth below, the motion

is GRANTED.

## I.    BACKGROUND

        The Court assumes familiarity with the facts of this case and its procedural history, as set

forth in the June 22, 2022 Opinion and Order.  Doc. 38; *Sw. Marine & Gen. Ins. Co. v. United

Specialty Ins. Co.*, No. 19 Civ. 8857 (ER), 2022 WL 2237491 (S.D.N.Y. June 22, 2022).  In that

Opinion, the Court addressed the applicability of an insurance policy United Specialty issued to Manhattan Steel, the named insured and subcontractor, which covered Hanjo, the general contractor, as an additional insured "with respect to liability for []bodily injury . . . caused, in whole or in part, by" Manhattan Steel's "acts or omissions; or [t]he acts or omissions of those acting on [Manhattan Steel's] behalf[] in the performance of . . . ongoing operations for the additional insured(s)." Doc. 31-8 at 65. Oscar Perez was working for Manhattan Steel when he was struck by a falling object, leading him to file a complaint against Hanjo in the Supreme Court of the State of New York. Doc. 1-2 ¶¶ 4–6. Since the *Perez* complaint does not allege that Manhattan Steel caused the accident, the Court held that Hanjo was not entitled to additional insured coverage under the United Specialty policy. *Sw. Marine*, 2022 WL 2237491, at *5 (S.D.N.Y. June 22, 2022). The Court therefore entered judgment in favor of United Specialty. *Id.*

Plaintiffs now move for reconsideration, arguing that Hanjo did qualify as an additional insured because the *Perez* complaint, the Hanjo third-party complaint, and Perez's testimony presented a "reasonable possibility" that Manhattan Steel's conduct contributed to the injuries.

## II.    LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 60(b). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted) (addressing a Rule 59 motion). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (citation omitted). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## III.   DISCUSSION

Plaintiffs concede that this motion is not based on a change of controlling law or new evidence. However, the motion for reconsideration will still be considered here due to the need to correct a clear error. Specifically, the Court did not consider the allegations in Hanjo's third-party complaint in the underlying *Perez* action. In Plaintiffs' now-denied motion for summary judgment, Hanjo's third-party complaint was attached as one of fifteen exhibits to their declaration in support of the motion, Doc. 31-2. However, in their memorandum of law and reply memorandum in support of their motion, Plaintiffs did not bring Hanjo's third-party complaint and its implications to the Court's attention. Further, Plaintiffs did not cite the most analogous case and the case they primarily rely on, *U.S. Specialty Ins. Co. v. Harleysville Worcester Ins. Co.*, No. 20 Civ. 7691 (SLC), 2021 WL 4043457 (S.D.N.Y. Sept. 3, 2021), until this motion for reconsideration. To prevent manifest injustice, the Court now considers these arguments for the first time.

### A.   Hanjo Third-Party Complaint

In *Perez's* underlying action against Hanjo and others, Hanjo filed a third-party complaint against Manhattan Steel. Doc. 31-2. The Hanjo complaints alleges that Manhattan Steel agreed

to perform work at the job site for Hanjo, and was performing that work on February 19, 2016 when Perez was injured.  *Id.* ¶¶ 14–20.  Hanjo further alleges that Perez's injuries "were caused by the negligence, culpable conduct and/or wrongful acts of Manhattan Steel[.]"  *Id.* ¶¶ 36, 39.

Plaintiffs argue that this case is analogous to *Harleysville*.  In that case, the plaintiff, an employee of subcontractor E.M., was injured while performing work on a project for Aggressive, the general contractor.  2021 WL 4043457, at *2.  Garcia filed a complaint against the property owner, among others, alleging negligence and claims under the New York Labor Law ("NYLL").  *Id.* at *4.  The owner then brought a third-party complaint against Aggressive, alleging that Garcia's injuries were caused by Aggressive.  *Id.*  Aggressive was insured by Harleysville, and its policy covered the owner as an additional insured "for claims caused . . . by Aggressive's negligent acts or omissions[.]"  *Id.* at *7.  United Specialty then sued Harleysville, arguing that the underlying action triggered its duty to defend the owner as an additional insured under Aggressive's policy.  *Id.* at *5.  The court held that the allegations in the underlying action, Garcia's complaint and the owner's third-party complaint, created a "reasonable possibility that Garcia's injury fell within the scope of the Harleysville Policy[.]"  *Id.* at * 9.  The court reached this conclusion despite the fact that Garcia's complaint did not mention E.M. or Aggressive by name—Aggressive was only mentioned in the owner's third-party complaint.  *Id.* at *9.

Similarly with Perez, Hanjo's third-party complaint in the underlying action alleges that Perez's injuries were caused by Manhattan Steel.  Doc. 31-2 ¶¶ 36, 39.  Hanjo's third-party complaint thus creates a "reasonable possibility" that Perez's injuries fall within the scope of

Manhattan Steel's policy with United Specialty.[1]  Accordingly, the Court grants Plaintiffs'

motion for reconsideration on this issue.[2]

>    B.  *Timeliness of Disclaimer*

Having now found that coverage is not precluded, the Court must now resolve the

parties' dispute as to the timeliness of United Specialty's disclaimer of coverage as to the Action

Over and Independent Contractor exclusions.  As Plaintiffs have conceded the applicability of

either the Action Over or Independent Contractor Exclusion, Plaintiffs can prevail only if United

Specialty waived their ability to rely on those exclusions by untimely disclaiming coverage.  In

its prior opinion, the Court declined to issue a ruling on this issue but advised in a footnote as

follows:

> Section 3420(d) applies to "cases involving death and bodily injury claims arising out of
> a New York accident and brought under a New York liability policy." *KeySpan Gas E.*
> *Corp. v. Munich Reinsurance Am., Inc.*, 15 N.E.3d 1194, 1198 (N.Y. 2014).  This section
> requires an insurer to "give written notice as soon as is reasonably possible of . . .
> disclaimer of liability or denial of coverage[.]"  N.Y. Ins. Law § 3420(d)(2).  The
> timeliness of disclaimer is measured "from the point in time when the insurer first learns
> of the grounds for disclaimer of liability or denial of coverage."  *First Fin. Ins. Co. v.*
> *Jetco Contracting Corp.*, 801 N.E.2d 835, 838–39 (N.Y. 2003) (citation omitted).
>
> When the basis for disclaimer is not readily apparent, insurers are allowed "reasonable
> time to adequately investigate a claim" to determine whether disclaimer is appropriate.
> *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 369 F.3d 102, 107 (2d Cir. 2004)
> (citation omitted).  "[C]ourts have adopted a rule of thumb that disclaimers made within
> 30 days of notice are generally treated as timely, whereas disclaimers beyond the 30-day
> point are generally treated as untimely unless the insurer establishes a suitable
> justification."  *United Specialty Ins. Co. v. Premier Contracting of New York, Inc.*, 375 F.

---

[1] United Specialty attempts to distinguish *Harleysville* on the grounds that in that case, Aggressive had contracted to be "fully and solely responsible for [] jobsite safety[.]"  *Harleysville*, 2021 WL 4043457, at *1.  It argues that this does not compare to here, wherein Manhattan Steel solely contracted to "furnish and install all labor and material to perform all the steel work," Doc. 31-5, and Hanjo had a nondelegable duty to provide for safety under the NYLL.  The Court disagrees.  As stated in the Court's prior opinion, "an insurer may only disclaim its duty to defend if it has demonstrated, as a matter of law, that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision."  *Stein v. N. Assur. Co. of Am.*, 617 F. App'x 28, 30 (2d Cir. 2015) (internal quotation marks and citations omitted).  That standard has not been met.

[2] The Court does not reach Plaintiffs' argument regarding Perez's testimony.

Supp. 3d 389, 398 (S.D.N.Y. 2019) (internal quotation marks and citations omitted) (collecting cases).

However, when no investigation is necessary because it is clear that the insurer will deny coverage based on the notice of claim, the 30-day presumption does not apply. *See generally First Fin.*, 801 N.E.2d 835. Unexplained or unexcused delays of as short as 30 days have been held to be unreasonable. *See W. 16th St. Tenants Corp. v. Pub. Serv. Mut. Ins. Co.*, 736 N.Y.S.2d 34 (N.Y. App. Div. 2002).

Here, as plaintiffs argue, it was clear based on the notice of claim that either the Action Over or Independent Contractor exclusions applied to bar coverage, and that United Specialty therefore waived its ability to rely on these exclusions through untimely disclaimer. While defendants argue that they nonetheless investigated "to determine whether additional facts may trigger coverage," Doc. 35 at 17, the New York Court of Appeals has held that delays for this reason are not excusable in *First Fin.*, 801 N.E.2d 835.

As United Specialty has provided no explanation for delay other than to verify Perez's employment status, which on the facts of this case is not a valid excuse, a delay of 30 days is presumptively unreasonable.

*Sw. Marine*, 2022 WL 2237491, at *5 n.3. The Court sees no reason to disturb this conclusion.

Accordingly, United Specialty is obligated to defend Hanjo as an additional insured.

However, United Specialty now argues for the first time that Section 3420(d) "does not apply to claims between insurers." *Zurich Am. Ins. Co. v. Liberty Mut. Ins. Co.*, 710 F. App'x 3, 7 (2d Cir. 2017) (summary order) (citing *JT Magen v. Hartford Fire Ins. Co.*, 879 N.Y.S.2d 100 (N.Y. App. Div. 2009)). Accordingly, while United Specialty acknowledges that it is required to provide a defense to Hanjo if its disclaimer is untimely, it argues that it is not required to reimburse Southwest, Hanjo's insurers, for their past defense costs from the date of tender. *See Greater New York Mut. Ins. Co. v. Chubb Indem. Ins. Co.*, 963 N.Y.S.2d 218 (N.Y. App. Div. 2013) (holding that defendant had no obligation to promptly disclaim coverage to insured's insurer, and therefore was not required to reimburse the amounts that insurer expended in defending the insured in the underlying action, despite the fact that defendants untimely disclaimed coverage as to the insured). As this issue was not presented to the Court on the

original cross-motions for summary judgment, the Court will not decide the issue as to this time.

As a reminder, Plaintiffs in this case sought declaratory judgment finding the following:[3]

    (1) that the underlying action brought by Perez is covered by the terms of the policy
issued by United Specialty to Manhattan Steel;

    (2) that the United Specialty policy affords primary coverage for Hanjo as to the
claims of personal injury and other claims arising from Perez's alleged injuries on
February 19, 2016;

    (3) that United Specialty is obligated to defend and indemnify Hanjo in the
underlying personal injury action;

    (4) that United Specialty is obligated to pay any damages that may be awarded to
Hanjo in the underlying personal injury action; and

    (5) that United Specialty is obligated to reimburse Southwest Marine for all
attorneys' fees, costs, disbursements, and other expenses, plus interest, in the
defense of Hanjo in the underlying personal injury action.

Doc. 1-2 at 8–9.  The Court's rulings only address the first four of these requests—the fifth

remains undecided at this stage.  If either party wishes to move for summary judgment on that

issue, they should seek leave to do so in compliance with the Court's individual rules so that all

parties have an opportunity to be heard.

---

[3] Plaintiffs also seek costs and disbursements of this action.  Doc. 1-2 at 9.

## IV.     CONCLUSION

For all these reasons, the motion for reconsideration is GRANTED.  The Court will issue an order reopening the case once the Second Circuit lifts the stay on the appeal.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 40.

SO ORDERED.

Dated:     August 30, 2022
           New York, New York

_____
     Edgardo Ramos, U.S.D.J.